UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| Angelo Ham, #315014, | ) C/A No. 6:10-2020-DCN-KFM |
|---|---|
| Plaintiff, | ) |
| v. | ) |
| Larry Propes, Clerk of Court; Nora Chandler, Deputy Clerk of Court, | ) **Report and Recommendation** |
| Defendants. | ) |

The Plaintiff, Angelo Ham (Plaintiff), proceeding *pro se*, brings this civil action pursuant to 42 U.S.C. § 1983/ *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971).[1]  Plaintiff is an inmate at Lee Correctional Institution and files this action *in forma pauperis* under 28 U.S.C. § 1915.  The complaint names two federal employees as Defendants.  Plaintiff seeks monetary damages for the Defendants' alleged denial of court access. The complaint should be dismissed for failure to state a claim upon which relief may be granted.

## Pro Se and *In Forma Pauperis* Review

Plaintiff is a *pro se* litigant proceeding pursuant to the *in forma pauperis* statute, 28 U.S.C. § 1915.  The statute authorizes the district court to dismiss a case if it is satisfied that the action is frivolous or fails to state a claim on which relief may be granted.  28 U.S.C. §1915(e)(2)(B)(i) and (ii).  As a *pro se* litigant, the plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal

---

[1] Pursuant to the provisions of  28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

pleadings drafted by lawyers. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007)(*per curiam*). However, even under this less stringent standard, a *pro se* pleading remains subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387, 391 (4th Cir. 1990).

### **Background**

Plaintiff alleges that he was denied access to the United States District Court for the District of South Carolina by Clerk of Court, Larry Propes, and Deputy Clerk of Court, Nora Chandler. Specifically, Plaintiff states that he filed a complaint in this Court on July 6, 2009, which was ultimately dismissed without prejudice on August 12, 2009. *See Angelo Ham v. SCDC Director Jon Ozmint, et al.,* Civil Action No. 6:09-1825-DCN, Docket Entry No's 1, 11.[2] Plaintiff claims that he did not receive a copy of the report and recommendation (R&R) entered in Civil Action No. 6:09-1825-DCN, hereinafter referred to as Plaintiff's previous case. Thus, Plaintiff failed to timely file objections to the R&R. It is unclear how Plaintiff learned that his previous case had been dismissed; however, Plaintiff indicates that he filed a motion for reconsideration on August 24, 2009. Plaintiff's motion for reconsideration discussed his failure to receive a copy of the report and recommendation in that case. *Id.* at Docket Entry No. 14. Plaintiff's motion was denied on August 26, 2009. *Id.* at Docket Entry No. 16. Plaintiff claims he did not receive a copy

---

[2] A district court may take judicial notice of materials in the court's own files from prior proceedings. *See United States v. Parker*, 956 F.2d 169, 171 (8th Cir. 1992)(the district court had the right to take judicial notice of a prior related proceeding). *See also Fletcher v. Bryan*, 175 F.2d 716 (4th Cir. 1949).

2

of the order denying his motion for consideration until April of 2010, when he submitted a letter to the Court seeking information about his case.

Plaintiff claims that his failure to timely receive the two orders, issued in his previous case, constitutes a denial of court access. Plaintiff seeks monetary damages for the Defendants' actions.

## Discussion

Plaintiff is bringing suit against two federal employees. As such, his constitutional claims are evaluated under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971), which established a direct cause of action under the United States Constitution against federal officials for the violation of federal constitutional rights. *Bivens* is the case establishing, as a general proposition, that victims of a constitutional violation perpetuated by a federal actor may sue the offender for damages in federal court despite the absence of explicit statutory authorization for such suits. *Carlson v. Green*, 446 U.S. 14,18 (1980). See also *Holly v. Scott*, 434 F.3d 287, 289 (4th Cir. 2006). A *Bivens* claim is analogous to a claim brought against state officials under 42 U.S.C. § 1983; therefore, caselaw involving § 1983 claims is applicable in *Bivens* actions and vice versa. See *Harlow v. Fitzgerald*, 457 U.S. 800, 814-820, n. 30 (1982). See also *Farmer v. Brennan*, 511 U.S. 825 (1994).

Plaintiff sues the Defendants for an alleged denial of court access. It is well established that to state a constitutional claim for denial of meaningful access to the courts an inmate must allege specific injury resulting from the alleged denial. See *Lewis v. Casey*, 518 U.S. 343, 349 (1996) (holding that an inmate alleging denial of access to the

3

courts must be able to demonstrate "actual injury" and that a non-frivolous legal claim had been frustrated or was being impeded); *Michau v. Charleston Co.*, 434 F.3d 725 728 (4th Cir. 2006) (finding *sua sponte* dismissal appropriate where the plaintiff did not explain how he was injured by any limitations on his access to a law library). A plaintiff must make specific allegations as to the actual injury sustained. *See Cochran v. Morris*, 73 F.3d 1310, 1317 (4th Cir. 1996) (plaintiff failed to identify any actual injury resulting from official conduct); *Strickler v. Waters*, 989 F.2d 1375, 1384 (4th Cir.1993) (prisoner had a "basic requirement that he show specific harm or prejudice from the allegedly denied access").

In the instant action, Plaintiff states that he did not timely receive two orders, which were issued in one of Plaintiff's previous cases (C/A No. 6:09-1825-DCN). Plaintiff believes his failure to receive one of the orders, an R&R, resulted in dismissal of his case because he was unable to timely file objections to the R&R. However, while the order dismissing Plaintiff's previous case indicates he failed to file objections to the R&R, it is clear that Plaintiff's case was dismissed because "[a] *de novo* review of the record indicate[d] that the magistrate judge's report accurately summarize[d] this case and the applicable law." *See Angelo Ham v. SCDC Director Jon Ozmint, et al.,* Civil Action No. 6:09-1825-DCN, Docket Entry No. 11. Thus, it is apparent, from the order, that the dismissal of Plaintiff's previous case was not based solely on his failure to receive a copy of the R&R and subsequent failure to file objections thereto.

Further, as Plaintiff indicates in the instant complaint, he submitted a motion for reconsideration in the previous case, which explained that Plaintiff "never received any report and recommendation." *Id.* at Docket Entry No. 14, page 1. Plaintiff's motion for

4

reconsideration was timely filed by the Defendants and ruled upon by the presiding District Judge within 14 days after issuing an order to dismiss the case.[3]  Thus, while Plaintiff was unsuccessful in his previous lawsuit, the instant complaint fails to demonstrate that Plaintiff's failure to receive an order caused that action to be summarily dismissed.  As such, Plaintiff is unable to show that the Defendants' actions caused Plaintiff "actual injury" sufficient to constitute denial of court access.

Next, it is noted that Plaintiff provides no facts to allege that the Defendants refused to file any document in his previous case or that the Defendants intentionally refused to mail Plaintiff a copy of any document in that action.  Instead, Plaintiff's claim is based on his speculation that two documents, issued in a previous action, were not received by him due to the Defendants' failure to place such documents in the mail.  However, the Defendants' actions, if indeed a failure to mail the Plaintiff's orders even occurred, would constitute, at best, a claim of negligence.  The law is well settled that negligence, in general, is not actionable under 42 U.S.C. § 1983/*Bivens*.  *See Daniels v. Williams*, 474 U.S. 327, 328-336 & n. 3 (1986); *Pink v. Lester*, 52 F.3d 73 (4th Cir. 1995)(*Daniels* bars an action under § 1983 for negligent conduct).  *See also Grate v. White*, C.A. No. 4:07-2949-HMH-TER, 2007 WL 2903991 (D.S.C. Oct. 2, 2007)(clerk of court's negligent failure to send a copy of the order is not actionable under 42 U.S.C. § 1983).  Thus, to the extent Plaintiff claims the Defendants acted negligently in failing to mail court documents, his claim must fail.

---

[3] Plaintiff's motion for reconsideration is dated August 19, 2009, and was received and docketed by the office of the Clerk of Court for the United States District Court for the District of South Carolina on August 24, 2009.  The motion was denied on August 26, 2009.  *See Angelo Ham v. SCDC Director Jon Ozmint, et al.,* Civil Action No. 6:09-1825-DCN, Docket Entry No.'s 14, 16.

Even if Plaintiff had stated a cognizable access to court claim, the case would still be subject to summary dismissal because the Defendants, in their individual capacity, are entitled to quasi-judicial immunity from suit. It is well settled that judges have absolute immunity from a claim for damages arising out of their judicial actions. *See Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985). In the "recognized immunity enjoyed by judicial and quasi-judicial officers, including prothonotaries, there exists an equally well-grounded principle that any public official acting pursuant to court directive is also immune." *Lockhart v. Hoenstine*, 411 F.2d 455, 460 (3d Cir. 1969). Notably, "[t]he clerks of court are also entitled to immunity the same as judges when performing their duties." *Zimmerman v. Spears*, 428 F. Supp. 759, 762 (D. Tex. 1977), *aff'd*, 565 F.2d 310 (5th Cir. 1977). *See e.g., Yarbrough v. Garrett*, 579 F. Supp. 2d 856, 860 (E.D. Mich. 2008) (noting that clerks of court who mailed transcripts to a prisoner or failed to provide requested transcripts were entitled to quasi-judicial immunity because those actions were truly judicial acts). "Absolute immunity 'applies to all acts of auxiliary court personnel that are basic and integral part[s] of the judicial function.'" *Jackson v. Houck*, No. 05-7769, 2006 WL 1344807 at **1(4th Cir. May 17, 2006) (quoting *Sindram v. Suda*, 986 F.2d 1459, 1461 (D.C. Cir. 1993)). In the instant action, the Defendants are entitled to derivative immunity from suit for basic court functions, such as the mailing of court orders. *See Harley v. Davis,* Civil Action No. 3:07-cv-1796-RBH, 2008 WL 5129415 at *4 (D.S.C. Dec. 5, 2008)(defendants immune from liability for failing to mail plaintiff a piece of paper as the "task [is] intertwined with the judicial process, and there is no allegation of malice"). Therefore, Defendant Propes and Defendant Chandler are entitled to summary dismissal from the instant action.

Finally, to the extent Plaintiff sues the Defendants in their "official capacity," they are protected from suit under the principle of sovereign immunity. *See FDIC v. Meyer*, 510 U.S. 471, 484-86 (1994)(declining to extend *Bivens* to permit suit against a federal agency); *Global Mail Ltd. v. U.S. Postal Service*, 142 F.3d 208, 210 (4th Cir. 1998)(federal governmental entity entitled to sovereign immunity unless Congress waives that immunity and consents to suit). The fact that the Plaintiff has named individual federal employees in their official capacity, rather than the United States, or a federal agency, does not operate to evade the immunity of the sovereign. *See Clark v. Library of Congress*, 750 F.2d 89, 102-04 (D.C.Cir.1984). Therefore, Plaintiff's claim for monetary damages, alleging constitutional violations against the individually named Defendants in their official capacities, is subject to dismissal.[4]

### **Recommendation**

Accordingly, it is recommended that the complaint in the above-captioned case be dismissed without prejudice and without issuance of service of process.

s/Kevin F. McDonald<br>
United States Magistrate Judge

August 12, 2010
Greenville, South Carolina

***Plaintiff's attention is directed to the important notice on the next page.***

---

[4] The United States has not waived sovereign immunity for claims based on the violation of constitutional rights. See *FDIC v. Meyer*, 510 U.S. 471, 478 (1994) (United States has not waived sovereign immunity for money damages sounding in constitutional tort); *Chen v. United States*, 854 F.2d 622, 625-25 (2d Cir.1988) (United States has not waived sovereign immunity for claims based on violations of constitution, statute or regulations).

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 300 East Washington Street, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).