IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Angelo Ham, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 6:10-cv-02020-JMC |
| | ) | |
| v. | ) | **OPINION & ORDER** |
| | ) | |
| Larry Propes, Clerk of Court; | ) | |
| Nora Chandler, Deputy Clerk of Court, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is now before the court upon the Magistrate Judge's Report and Recommendation [Entry # 12], filed on August 12, 2010, recommending Plaintiff Angelo Ham's ("Ham") Complaint be dismissed for failure to state a claim upon which relief may be granted. The Report and Recommendation sets forth in detail the relevant facts and legal standards on this matter, and the court incorporates the Magistrate Judge's recommendation without a recitation.

### STANDARD OF REVIEW

The Magistrate Judge's Report and Recommendation is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

### DISCUSSION

Plaintiff Ham is a *pro se* state prisoner seeking relief for alleged denial of court access pursuant to 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971).

After receiving the Magistrate Judge's Report and Recommendation, Ham timely filed objections. Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. *See United States v. Schronce*, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Magistrate Judge's Report and Recommendation, this court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the court finds that the majority of Ham's objections are non-specific, unrelated to the dispositive portions of the Magistrate Judge's Report and Recommendation, or merely restate his claims. However, the court was able to discern Ham's specific objections to the Magistrate Judge's finding that Ham incurred no actual injury from Defendants' alleged omissions and to the Magistrate Judge's finding that mere negligence is not actionable under 42 U.S.C. § 1983 and *Bivens*.

Ham contends that he suffered actual injury as a result of his prior case being dismissed because Defendants failed to mail Ham a copy of the Report and Recommendation in that action. However, to move forward in his claim for denial of access to the courts, Ham must demonstrate a specific injury or prejudice from the alleged denial of access. *See Cochran v. Morris*, 73 F.3d 1310, 1317 (4th Cir. 1996). Ham's prior case was not dismissed solely because Ham did not file any objections to the Report and Recommendation. The court made a *de novo* review of the

recommendation and incorporated it into the court's order on its merits. Additionally, the matter was dismissed *without prejudice* and Ham was given an adequate opportunity to be heard on his motion for reconsideration. Therefore, this court finds that Ham has not shown an actual injury sufficient to proceed with his current claim for denial of court access against Defendants.

Ham also argues that negligence on the part of Defendants would be adequate to prevail on his *Bivens* claim. It is well established that negligence is not actionable under 42 U.S.C. § 1983 or *Bivens*. *See Pink v. Lester*, 52 F.3d 73, 74-75 (4th Cir. 1995) (citing *Daniels v. Williams*, 474 U.S. 327, 328-336 & n. 3 (1986)). Consequently, Ham may not proceed with his action against Defendants without alleging more than mere negligence.

Accordingly, after a thorough review of the Magistrate Judge's Report and Recommendation and the record in this case, the court adopts the Magistrate Judge's Report and Recommendation and incorporates it herein by reference.

It is therefore **ORDERED** that the Complaint be dismissed without prejudice and without issuance of service of process.

**IT IS SO ORDERED.**

                                                                        s/ J. Michelle Childs
                                                                         United States District Judge

November 8, 2010
Greenville, South Carolina